This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-Defendant Ronald Koshar has appealed from a judgment of the Lorain County Court of Common Pleas, designating him a sexual predator. This Court affirms.
Koshar pleaded guilty to one count of the illegal use of a minor in nudity-oriented material or performance, a felony of the second degree; one count of pandering sexually oriented material involving a minor, a second degree felony; one count of pandering obscenity involving a minor, a felony of the second degree; and two counts of gross sexual imposition involving a child under the age of thirteen, both third degree felonies. After a hearing, Koshar was adjudicated a sexual predator. He was sentenced to a total of sixteen years, but because some of the sentences were ordered to be served concurrently, Koshar only stands to be imprisoned for six years.
Koshar has timely appealed his sexual predator classification, and has assigned one error for this Court's review.
 Assignment of Error The trial court erred, and to the prejudice of appellant, by finding appellant to be a sexual predator, contrary to the factors which must be considered under R.C. 2950.09(B)(2) in making this finding.
Koshar has argued that his sexual predator designation must be vacated because the record does not contain clear and convincing evidence that he is "likely to reoffend." Koshar has further asserted that because he had not previously been convicted of a sexually oriented offense, he should have been classified as only a sexually oriented offender. This Court disagrees.
In order for an offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. R.C.2950.01(E) and 2950.09(B)(3). The fact that an offender has no prior record is not dispositive; the issue is whether the offender is likely to commit sexually oriented offenses in the future. See State v. Eppinger
(2001), 91 Ohio St.3d 158, 167 (recognizing that even one conviction for a sexually oriented offense can be enough to support a sexual predator adjudication).
In determining whether an offender is likely to engage in one or more sexually oriented offenses in the future, i.e. is a sexual predator, the trial judge is required to consider all relevant factors, including, but not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
This Court finds that the record clearly and convincingly supports the lower court's finding that Koshar is a sexual predator. Koshar pleaded guilty to five sexually oriented offenses: two counts of gross sexual imposition; one count of the illegal use of a minor in nudity-oriented material or performance; one count of pandering sexually oriented material involving a minor; and one count of pandering obscenity involving a minor. The sexually oriented offenses of which Koshar was convicted involved sending and receiving over the internet pictures of naked prepubescent males with erections, and prepubescent male children engaged in mutual masturbation. A vast number of these pictures were found in Koshar's possession at the time of his arrest.
Koshar's two convictions for gross sexual imposition involved his grandson, who at the time of the abuse, was under thirteen years of age. During car rides to and from the boy's mother's home, Koshar would make his grandson say "dirty words." While at Koshar's home, Koshar would squeeze his grandson's penis until it "got hard," and would make his grandson do the same to him. Koshar also performed these activities while showering with his grandson.
At the sexually oriented offender classification hearing, Koshar's own son testified that he too was sexually abused by Koshar. The presentence investigation report reveals that Koshar had engaged in inappropriate touching and oral sex with his own son while his son was of tender age.
Furthermore, Koshar has been clinically diagnosed as suffering from pedophilia, as well as other mental illnesses. One clinical psychologist reported that he believes there is a six percent likelihood that Koshar will be convicted of a new sexual offense within the next five years, and that the likelihood that Koshar will be convicted of a new sexual offense within the next fifteen years is seven percent.[1]
Because this Court finds no merit in Koshar's sole assignment of error, it is overruled. The judgment of the court of common pleas is affirmed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J., CARR, J. CONCUR.
[1] The state has attached its own expert report to its appellate brief. However, this Court has not considered the state's expert report because it has not been made part of the record.